Fabricant, J.
After hearing and review, the Court rules as follows. The plaintiffs motion for reconsideration is ALLOWED, and the order previously entered allowing the defendant’s Motion to Dismiss is VACATED.
With respect to the motion to dismiss, the Court has considered the complaint, accepting its factual allegations as true for purposes of this motion. The Court has also considered the order of appointment issued by the Probate Court in the underlying case, a copy of which has been provided by each party in connection with the motion, and which is implicitly incorporated in the complaint by the reference to it in paragraph 4 of the complaint. The Court has not considered the additional factual assertions made by both parties in their memoranda filed in connection with the motion, as those assertions are not supported by affidavits or other evidentiary material, and are not properly before the Court on a motion to dismiss.
Count I of the complaint, considered together with the order of appointment, alleges that the defendant was negligent in the performance of the role of court-appointed attorney, and that such negligence caused damage to her client, the minor plaintiff. Those allegations, accepted as true for purposes of this motion, state a claim on which relief may be granted, and which is not barred by judicial immunity. A Court appointed attorney, unlike a guardian ad litem or conservator, performs an advocacy function on behalf .of the party represented, not a quasi-judicial function on behalf of the court. Cf. Lalonde v. Eissner, 405 Mass. 207, 210-11 (1989) (negligence claim against psychiatrist who performed court-ordered evaluation properly dismissed on ground of judicial immunity). To the extent that the unreported Federal District Court decision in Hibbard v. Benjamin, U.S.D.C. No. 90-10361-WF (September 21, 1992), holds otherwise, this Court declines to follow it, as it is not supported either by the purposes of or the reported cases applying the doctrine of judicial immunity. It may be true as a factual matter, as the defendant asserts in her memorandum and as she argued orally, that regardless of the terms of the order of appointment, the functions she actually performed were quasi-judicial in nature. If so, she may present such facts, supported by affidavits or other evidentiary materials, in a motion for summary judgment. The present motion, however, must be DENIED as to Count I.
Count II, in contrast, fails to state a claim on which relief may be granted. Count II alleges that plaintiff Jack Sarkisian individually relied on defendant’s representation of his son in the underlying case, and was damaged as a result of her negligence in that representation. The Probate Court’s order of appointment indicates that that Court determined that the interests of Sarkisian and his son in that case were sufficiently distinct, and at least potentially sufficiently adverse, as to require independent representation. Under these circumstances, the defendant, as attorney for the minor, had no duty of care toward Sarkisian or toward any other party to the case other than her minor client. See Robertson v. Gaston Snow & Ely Bartlett, 404 Mass. 515, 524 cert. denied, 493 U.S. 894 (1989), citing Page v. Frazier, 388 Mass. at 63-64 (1983). Accordingly, the motion to dismiss must be ALLOWED as to Count II.
Thus, the case remains pending only as to Count I, the claim of attorney malpractice as to the minor plaintiff. As the parties recognize, a minor can bring suit only through an adult representative. That representative is usually a parent, and the Court usually permits a parent to proceed on behalf of a child without any express request for or grant of leave. Here, however, the parent who purports to represent the child was himself a party in the underlying case in which the attorney malpractice is alleged to have occurred. As noted, moreover, the Probate Court determined that the interests of parent and child in that case were sufficiently distinct as to require indepen *542 dent representation. Whether those interests were actually adverse or not, it is clear that they were at least potentially adverse; indeed that potential adversity was the reason for the present defendant’s involvement. Under these circumstances, the child’s father, despite his role as custodial parent, is not an appropriate person to bring this action on behalf of the minor.[1]
Accordingly, before the case proceeds any further, the Court will appoint a guardian ad litem to evaluate the claim and report to the Court as to whether the claim has sufficient merit that its prosecution would serve the best interests of the minor, and if so, to make a recommendation to the Court as to the identity of an appropriate person to serve as next friend for the purpose of prosecution of the claim. The guardian ad litem will perform a quasi-judicial function, on behalf of the Court, so as to assist the Court in performing its judicial function of ruling on the propriety of representation of the minor. The Court will consider any recommendations the parties may submit, not later than Friday, May 5, 2000, as to the identity of the guardian ad litem and the terms of the appointment, including provision for payment of reasonable fees for that person’s services. Further proceedings in the case will be stayed pending resolution of the issue of representation of the minor.
CONCLUSION
For the reasons stated, the Motion for Reconsideration is ALLOWED, and the order previously entered allowing the defendant’s Motion to Dismiss is VACATED. The Motion to Dismiss is DENIED as to Count I, and ALLOWED as to Count II. Further proceedings are STAYED pending resolution of the issue of representation of the minor, after appointment of and report from a guardian ad litem.

This conclusion reflects no determination as to the father’s actual relationship with his child, as to whether he does in fact seek to further his child’s best interests, or as to the nature or quality of his parenting. The Court is not in a position to make any such determination, nor is any such determination necessary or appropriate. The father is disqualified from representation of his son in this case not because of any actual or perceived inadequacy or misconduct on his part, but solely because of his role as a potentially adverse party in the underlying case.